William M. McCarthy, Respondent, v. The New York and Harlem Railroad Company and The New York Central and Hudson River Railroad Company, Appellants, Impleaded with Another.— Judgment affirmed, with costs.— Appeal from a judgment entered after a trial at Special Term.—

HATCH, J.: For the reasons stated in the opinion in the case of *Dolan v. New York & Harlem R. R. Co. (ante,* p. 434), the judgment appealed from should be affirmed, with costs. O'Brien and Ingraham, JJ., concurred; Van Brunt, P. J., dissented.

Henry S. Moore, as Executor of and Trustee under the Last Will and Testament of Theron R. Butler, Deceased, Plaintiff; Wilmore Anway, as Receiver, Respondent, v. Tillie E. Smith and Others, Defendants, and Lena Vogel, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.— Appeal by Lena Vogel from an order of the Supreme Court, made at Special Term and entered in the clerk's office of the county of New York on the 24th day of October, 1901, adjudging her guilty of contempt.—

LAUGHLIN, J.: This is a foreclosure action. On the 28th day of June, 1901, by an order of the Special Term, a receiver of the rents and profits of the mortgaged premises was duly appointed. It was subsequently discovered that the appellant had a lease of the premises from a former owner of the equity of redemption under date of April 8, 1901. She was made a party defendant by an order of the Special Term on the 9th day of July, 1901, and was served with a supplemental summons on the thirteenth of the same month. By an order of the Special Term made on the 18th day of July, 1901, upon her default, but upon notice, the receivership was extended to include her interest in the premises and the rents claimed by her, and she was ordered to pay to the receiver any rents of the premises "which she may have collected from the monthly tenants for rent accruing since July 1st, 1901," and she was restrained from collecting any further rents. This order has been construed by this court as not requiring her to pay over to the receiver any rents collected which became due and payable on the 1st day of July, 1901. *(Moore v. Smith, No. 1,* 70 App. Div. 614; 74 N. Y. Supp. 1089.) The appellant has been adjudged guilty of contempt for refusing to pay over to the receiver the sum of two hundred and fifty-seven dollars rents collected by her. It appears that the rents were payable monthly in advance. It is conceded that all of these rents, with the exception of fifty dollars, became due and payable on the 1st of July, 1901, and were collected by her prior to the time she was enjoined from further collecting rents; but it is claimed that

fifty dollars thereof is for rents for the month of August, 1901. There is no competent proof in the moving papers on which to base an order for contempt that she collected any of these rents. The proof consists of an affidavit made by a clerk in the office of the agent of the receiver to the effect that he was informed by the tenants that they had paid rentals, aggregating this amount, to the agent of the appellant; but the affidavits of the tenants were not produced. This affidavit, however, shows that all of such rentals accrued on July first, except two items, one of forty-eight dollars for rent of "first floor, east side, July 1st to September 1st," and one of fifty-two dollars for rent "fourth floor, east side, July 1st to September 1st." It is claimed by the respondent that half of each of these two items is for rent for the month of August; but it appears by an answering affidavit that the appellant's agent had previously arranged with some of the tenants, as an inducement for them to remain in the apartments for the following year, to give them the use of the apartments for the month of August free, and the fair inference is that these two items were for the rent due on July first for the month of July, and that pursuant to this arrangement it was understood that they were to cover the period until September first. It is manifest, therefore, that the appellant was not guilty of contempt, and it follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Van Brunt, P. J., Patterson, Ingraham and Hatch, JJ., concurred.

Ernst Thalmann and Richard Limburger, General Partners under the Firm Name of Ladenburg, Thalmann & Co., a Limited Partnership, Respondents, v. The Importers and Traders' National Bank of New York and Others, Appellants, Impleaded with Julius Schroeter, Defendant.— Order modified by directing that a commission issue to examine the witnesses on written interrogatories, with ten dollars costs and disbursements to appellants.— Appeal by the defendants The Importers and Traders' National Bank of New York, Edward H. Perkins, Jr., and Edward Townsend from an order of the Supreme Court, made at the New York Special Term and entered in the clerk's office of the county of New York on the 29th day of May, 1902, as resettled by an order of June 6, 1902, directing that an open commission issue in behalf of the plaintiffs for the examination of five witnesses in the city of Richmond.—

LAUGHLIN, J.: The action is brought to recover the sum of $38,034.42 alleged to have been loaned by the plaintiffs to the defendant Schroeter which it is claimed he paid to the defendant bank either in cash or in other collateral purchased with the proceeds of the loan. It is alleged that the loan was procured through a fraudulent and prearranged scheme and conspiracy on the part of the defendants to induce the plaintiff to accept as collateral security therefor what purported to be fifty-six bonds of the commonwealth of Virginia of $1,000 each, which bonds, as the defendants well knew, were false, forged and counterfeited. The answers of the defendants put in issue the material allegations of the complaint. The witnesses are all residents of Virginia and three of them are public officials and two are the president and cashier respectively of the National Bank of Virginia which is the Richmond correspondent of the appellant bank. It is claimed that the president and vice-president of the National Bank of Virginia are hostile to the plaintiff; but this claim is based upon the fact that that bank